## Commonwealth v. Provident Life and Trust Co. of Phila.

*Escheats—Mutual insurance companies—Trust company—Act of June 7, 1915.*

Where a corporation is chartered to do a trust business and also a mutual life insurance business, but the stockholders, under the charter, have no pecuniary interests in the profits of the insurance business, an unclaimed fund accruing from the insurance department is not subject to escheat under the Act of June 7, 1915, P. L. 878.

Rule to modify decree. C. P. No. 5, Phila. Co., Sept. T., 1920, No. 4578.

*Townsend, Elliott & Munson*, for rule; *F. M. Eastman*, contra.

MARTIN, P. J., Jan. 9, 1923.—A petition was filed by the Attorney-General to procure the payment into the State Treasury to the credit of the Commonwealth, without escheat, of certain unclaimed moneys held as a depository by the Provident Life and Trust Company. The answer to said petition neither admitted nor denied that the moneys specified in the petition were escheatable, but admitted that the moneys mentioned in the schedules attached to the petition had been reported to the Auditor General.

Respondent submitted itself to such order as the court might make in the premises. The cause came on for hearing, and no one appearing claiming to be lawfully entitled thereto, and the proceedings being in conformity with the acts of assembly relating to the subject, the prayer of the petition was granted and the moneys shown by the schedules to be on deposit in the custody of the respondent were ordered to be paid into the State Treasury to the credit of the Commonwealth without escheat.

Subsequently to the entry of this decree, an application was made by respondent for a modification which would exclude the sum of $1639.22 arising out of a life insurance policy, part of the funds of the mutual insurance company, included by mistake in one of the schedules attached to the petition, and a rule was granted to show cause why the decree should not be modified and reformed so as to exclude said sum.

In the argument presented on behalf of the petitioner against the rule, it was stated: "It is true that unclaimed moneys in the hands of insurance companies which do not receive moneys on deposit are exempt from the operation of the Act of 1915 by the proviso to section 16 of that act."

The Provident Life and Trust Company was incorporated with the powers of an insurance company to do business on the joint stock and mutual principles combined, in addition to receive and execute trusts, to make endowments, to grant and purchase annuities, to receive deposits of money and other property, and to act as a fiduciary. "But the charter contemplates that its life insurance business shall be conducted separate and apart from its other

VOL. 3—20

business and upon a purely mutual basis. The stockholders of the company, as such, are to derive no profit from the insurance business:" White v. The Provident Life and Trust Co., 237 Pa. 375-380.

The money in question was not received by the respondent as a deposit, or in the course of its business as a trust company, but is part of the insurance fund arising from the transaction of an insurance business. The stockholders of the trust company have no interest in the money.

The fact that respondent is empowered to receive money as a depository and transact business other than insurance does not bring the money held in its capacity as an insurance company within the operation of the Act of 1915.

And now, to wit, Jan. 9, 1923, the rule to show cause why the decree entered on May 5, 1922, should not be modified is made absolute, and it is ordered and decreed that the sum of $1639.22 arising out of the life insurance of Robert S. Meyers, appearing in Schedule C of the petition filed in this case, be excluded from the operation of said decree.